Vincent P. Slusher, State Bar No. 00785480
vince.slusher@dlapiper.com
DLA PIPER LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 743-4572
Facsimile:   (972) 813-6267

Gregg M. Galardi, NY Bar No. 4535506
gregg.galardi@dlapiper.com
Gabriella L. Zborovsky, NY Bar No. 4851614
gabriella.zborovsky@dlapiper.com
Sarah E. Castle, NY Bar No. 4932240
sarah.castle@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Proposed Attorneys for Reddy Ice Holdings, Inc. and
Reddy Ice Corporation, Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case Nos.: 12-32349 and 12-32350 |
| REDDY ICE HOLDINGS, INC. and | § | |
| REDDY ICE CORPORATION, | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

**DEBTORS' APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF FTI CONSULTING, INC.
AS FINANCIAL ADVISORS AS OF PETITION DATE**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby apply to this Court for entry of an order, substantially in the form attached hereto as Exhibit 1, under section 327(a) of Title 11 of the United States Code (the "Bankruptcy

---

[1] Reddy Ice Holdings, Inc. is located at 8750 N. Central Expressway, Suite 1800, Dallas, Texas 75231.  Its tax identification number is 56-xxx1368.  In addition to Reddy Ice Holdings, Inc., Reddy Ice Corporation, Case No. 12-_____, is a debtor in these related cases.  Reddy Ice Corporation is located at 8750 N. Central Expressway, Suite 1800, Dallas, Texas 75231.  Its tax identification number is 75-xxx4985.

Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules") authorizing the employment and retention of FTI Consulting, Inc. ("FTI") as financial advisors, effective as of the date of commencement of these cases (the "Application").[2]  In support of this Application, the Debtors rely upon and incorporate by reference the Declaration of Albert Conly in Support of Debtors' Application For Order Under 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a) and Local Rule 2014-1 Authorizing Employment and Retention of FTI Consulting, Inc. as Financial Advisors as of Petition Date (the "Conly Declaration") attached hereto as Exhibit A.  The Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 327(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules.

## BACKGROUND

3. On April 12, 2012 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. No trustee or examiner has been appointed in these chapter 11 cases.

---

[2] FTI is located at 2001 Ross Avenue., Suite 400, Dallas, Tx 75201.  The contact information for its principal contact in these cases, Albert Conly, is telephone:  (214) 397-1604, facsimile:  (214) 397-1790 and email: albert.conly@fticonsulting.com.

**RELIEF REQUESTED**

6. By this Application, the Debtors seek entry of an order authorizing the employment and retention of FTI, effective as of the Petition Date, for the purpose of providing financial advisory and consulting services to the Debtors during these Chapter 11 cases, all in accordance with the terms of the engagement letter dated as of March 14, 2012 between the Debtors and FTI (the "Engagement Letter"), a copy of which is attached hereto as Exhibit B.

**BASIS FOR RELIEF**

7. The Debtors have selected FTI as their financial advisor because of FTI's diverse experience, knowledge and reputation in the restructuring field, its understanding of the issues involved in Chapter 11 cases and because the Debtors believe that FTI possesses the resources and is well-qualified to provide the advisory services that are required in these cases. FTI is a leading advisor to companies in large, complex and high profile restructurings and bankruptcies. FTI possesses the largest and one of the most experienced turnaround practices in the United States, with clients that include companies, creditors, corporate parents and financial sponsors, as well as acquirers of troubled assets.

8. The resources, capabilities, and experience of FTI in advising the Debtors are crucial to the Debtors' successful restructuring. An experienced financial advisor such as FTI will provide essential services that will complement the services offered by the Debtors' other restructuring professionals.

9. For the foregoing reasons, the Debtors believe that FTI is well qualified and able to represent the Debtors in a cost-effective, efficient, and timely manner.

**SERVICES TO BE RENDERED**

10. The parties have entered into the Engagement Letter, which governs the relationship between FTI and the Debtors. FTI will provide such financial advisory and consulting services (the "Services") as FTI and the Debtors shall deem appropriate and feasible in order to advise the Debtors in the course of the Chapter 11 cases, including, but not limited to:

   a. Evaluate the Debtors' monthly financial model and prepare a weekly cash flow

      forecast based upon the assumptions supporting the Debtors' monthly model;

b.   Advise management on cash conversion measures and assist with implementation of cash forecasting and reporting tools as requested;

c.   Work together with the Debtors, at their request and under their guidance, to respond to requests from lenders, creditors, and other parties in interest including the preparation of financial information for distribution to such parties in interest;

d.   Assist the Debtors in discussions and negotiations with their existing lenders, including analysis of any proposed modifications to existing credit agreements;

e.   Assist the Debtors' management and boards of directors in contingency planning including evaluating an out-of-court restructuring versus a potential Chapter 11 filing;

f.   Together with Jefferies and Debtors' counsel, provide advice to the Debtors on potential financing alternatives including the preparation of a collateral package in support of such financing alternatives;

g.   Assist management with development of programs to ensure the retention of key employees and effective communication with employees, vendors and other key stakeholders;

h.   Prepare liquidation analyses to demonstrate recoveries under various restructuring alternatives;

i.   Assist the Debtors in the compilation and preparation of financial information necessary due to requirements of the Bankruptcy Court and/or Office of the U.S. Trustee;

j.   Assist the Debtors in managing and executing the claims reconciliation process;

k.   Provide other accounting and financial advisory services as requested by the Debtors and/or the Debtors' boards of directors consistent with the role of a financial advisor and not duplicative of services provided by other professionals.

11.   The Debtors believe that FTI is well qualified and able to provide the Services to the Debtors. FTI has indicated a willingness to act on behalf of the Debtors, on the terms described above and to subject itself to the jurisdiction of this Court. Additionally, the Debtors have been advised by FTI that it will coordinate with the other retained professionals in these bankruptcy cases to eliminate unnecessary duplication or overlap of work.

**PROFESSIONAL COMPENSATION**

12. As more fully described in the Engagement Letter, the Debtors have agreed, subject to court approval, to pay the fees and expenses incurred by FTI in rendering the Services in these cases. The Debtors understand that FTI intends to apply to this Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the corresponding Local Rules, orders of this Court, and the guidelines established by the United States Trustee. The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned in this case are as follows:

| | |
|---|---|
| Senior Managing Directors[3] | $475-895 |
| Directors / Managing Directors | $375-745 |
| Consultants / Senior Consultants | $125-530 |
| Administrative / Paraprofessionals | $115-230 |

13. FTI will also bill for reasonable direct expenses which are likely to be incurred on the Debtors' behalf during this engagement. Direct expenses include reasonable and customary out-of-pocket expenses which are billed directly to the engagement such as certain telephone, overnight mail, messenger, travel, meals, accommodations and other expenses specifically related to the engagement including legal fees of outside counsel associated with FTI's retention as a professional and subsequent fee application(s) with the United States Bankruptcy Court if required. Further, if FTI and/or any of its employees are required to testify or provide evidence at or in connection with any judicial or administrative proceeding relating to this matter, FTI will be compensated by the Debtors at its regular hourly rates and reimbursed for reasonable direct expenses (including counsel fees) with respect thereto.

14. FTI has received from the Debtors total "on account" cash in the amount of $150,000 (the "On-Account Cash"). Since commencing the engagement, FTI has invoiced the

---

[3] These rate ranges are inclusive of the hourly billing rates for the FTI Strategic Communications personnel in the following classes of experience/seniority (Senior Managing Director, Senior Vice President, Vice President, Assistant Vice President, Creative Designer, Associate, and Junior Associate).

Company in the aggregate amount of $724,372.14, which amount reflects $569,757 billed to the Company for professional services, $4,615.14 for out of pocket expense reimbursement and the $150,000 held as On-Account Cash.

15. FTI requests authority to hold any portion of the On-Account Cash not otherwise properly applied for the payment of any such unpaid pre-filing fees and expenses (whether or not billed) as on account cash to be applied against FTI's postpetition final fee application when filed and approved by the Court, until such On-Account Cash is fully depleted.

16. The Debtors have also agreed to provide FTI with certain indemnification protections. In sum and substance, the Debtors will indemnify and hold harmless FTI and any of its subsidiaries and affiliates, officers, directors, principals, shareholders, agents, independent contractors and employees (collectively "<u>Indemnified Persons</u>") from and against any and all claims, liabilities, damages, obligations, costs and expenses (including reasonable attorneys' fees and expenses and costs of investigation) arising out of or relating to the Debtors' retention of FTI, the execution and delivery of the Engagement Letter, the provision of Services or other matters relating to or arising from the Engagement Letter, except to the extent that any such claim, liability, obligation, damage, cost or expense shall have been determined by final non-appealable order of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of the Indemnified Person or Persons in respect of whom such liability is asserted.

17. The overall compensation structure and the indemnification provisions described above are consistent with and typical of arrangements entered into by FTI and other financial advisory firms with respect to rendering similar services for clients such as the Debtors.

18. As set forth in the Conly Declaration, FTI has not shared or agreed to share any of its compensation from the Debtors with any other persons, other than managing directors, professionals or other employees of FTI, as permitted by section 504 of the Bankruptcy Code.

## DISINTERESTEDNESS OF PROFESSIONAL

19. In connection with its proposed retention by the Debtors in these cases, FTI has conducted a "conflicts check" in which FTI reviewed the names of the most significant parties-in-interest in the Debtors' cases. A complete list is attached to the Conly Declaration as Schedule 1. FTI has focused its "conflicts check" on the Debtors' current and former directors and officers, the Debtors' major shareholders, prepetition secured lenders, forty largest unsecured creditors, insurance providers, utility providers, real property lessors, sublessees, personal property lessors, banks and restructuring and other ordinary course professionals (collectively, the "Identified Parties"). A summary of the relationships that FTI identified during this process is set forth on Schedule 2 to the Conly Declaration.

20. Based upon such conflicts check and due inquiry, FTI has advised the Debtors that FTI does not have a relationship with any of the Identified Parties in matters related to this proceeding, except as disclosed in the Conly Declaration.

21. To the best of the Debtors' knowledge, information and belief, and in reliance on the Conly Declaration, FTI is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code and as required under section 327(a) of the Bankruptcy Code.

22. The Debtors submit that the appointment of FTI on the terms and conditions set forth herein is in the best interests of the Debtors, their creditors and all parties in interest.

## NOTICE

23. Debtors have provided notice of this Application by mail, facsimile or overnight delivery to: (a) the Office of the United States Trustee for the Northern District of Texas; (b) counsel to Macquarie Bank Limited, as administrative agent under the Debtors' prepetition bank facility and under the Debtor's proposed postpetition bank facility, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654 (Attn: David R. Seligman); (c) counsel to Centerbridge Partners, LP, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, United States (Attn: Joshua A. Sussberg); (d) counsel to the ad hoc committee of noteholders, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019 (Attn:

Joshua A. Feltman); (e) Wells Fargo Bank, National Association, as indenture trustee and collateral agent for the Debtors' first and second lien secured notes; (f) U.S. Bank National Association, as trustee for the Debtors' unsecured senior discount notes; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission (Washington, DC Office); (i) the Securities and Exchange Commission (New York Regional Office); (j) Secretary of the Treasury; (k) Texas Secretary of State; and (l) the entities listed on the Debtors' list of largest unsecured creditors filed pursuant to Bankruptcy Rule 1007(d).  A copy of the Application has been made available on the Debtors' website at www.kccllc.net/ReddyIce.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice is necessary or required.

## NO PRIOR REQUEST

24. No prior application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) authorizing the Debtors to employ and retain FTI as their financial advisors pursuant to the terms of the Engagement Letter, effective as of the Petition Date, as described herein, and (ii) granting the Debtors such other and further relief as is just and proper.

Dated: April 19, 2012
      Dallas, Texas

/s/ Steven J. Janusek
Steven J. Janusek
Executive Vice President, Chief Financial Officer, and Treasurer of Reddy Ice Holdings, Inc. and Reddy Ice Corporation