| | |
|---|---|
| Robert J. Feinstein | George H. Tarpley |
| Pachulski Stang Ziehl & Jones LLP | State Bar No. 19648000 |
| 780 Third Avenue, 36th Floor | Cox Smith Matthews Incorporated |
| New York, NY 10017-2024 | 1201 Elm Street, Suite 3300 |
| (212) 561-7700 | Dallas, TX 75270 |
| (212) 561-7777 (fax) | (214) 698-7800 |
| rfeinstein@pszjlaw.com | (214) 698-7899 (fax) |
| | gtarpley@coxsmith.com |
| PROPOSED LEAD COUNSEL TO OFFICIAL UNSECURED CREDITORS' COMMITTEE | PROPOSED LOCAL COUNSEL TO OFFICIAL UNSECURED CREDITORS' COMMITTEE |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| REDDY ICE HOLDINGS, INC. and | § | CASE NO. 12-32349-sgj-11 and |
| REDDY ICE CORPORATION, | § | 12-32350-sgj-11 |
| | § | |
| | § | (Jointly Administered) |
| **Debtors** | § | |
| | § | |

**APPLICATION OF THE OFFICIAL UNSECURED CREDITORS' COMMITTEE OF REDDY ICE CORPORATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE FOR APPROVAL OF THE RETENTION OF BDO USA, LLP AS FINANCIAL ADVISORS NUNC PRO TUNC TO APRIL 25, 2012**

The Official Unsecured Creditors' Committee (the "Committee") of Reddy Ice Corporation ("Reddy Ice Corporation") hereby moves the Court for entry of an order under sections 328 and 1103 of the Bankruptcy Code, granting final the employment and retention of the consulting firm of BDO USA, LLP, together with its subsidiaries, agents, independent contractors and employees ("BDO"), as financial advisors to the Committee. In support of this Application, the Committee respectfully states as follows:

**I. INTRODUCTION**

1.     On April 12, 2012 (the "Petition Date"), Reddy Ice Holdings, Inc. and Reddy Ice Corporation (jointly, the "Debtors") filed with this Court their voluntary petitions for relief under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their business and manage their properties and assets as debtors in possession. This Court has ordered joint administration of these chapter 11 cases.

2. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 1103 of the Bankruptcy Code.

## II. BACKGROUND

3. On April 20, 2012, the Office of the United States Trustee for the Northern District of Texas, Dallas Division (the "UST") held a meeting to appoint the Committee pursuant to section 1102 of the Bankruptcy Code (the "Formation Meeting"). The UST appointed the Committee on April 20, 2012 [Docket No. 123] and the amended that appointment on April 23, 2012 [Docket No. 132]. On April 25th, the Committee selected Pachulski Stang Ziehl & Jones LLP as its counsel, and BDO as its financial advisor. The Committee consists of the following five members:

   a. Sharp Packaging;
   b. Thomas Beverage Co., Inc.;
   c. TSI&C, Inc.;
   d. Lawrence Acker; and
   e. Piedmont National Corp.

4. A hearing is currently scheduled for May 18, 2012, at 9:30 a.m. CDT to consider the adequacy of the Disclosure statement and confirmation of the proposed plan.

## III. RELIEF REQUESTED

5. By this Application, the Committee seeks to employ and retain BDO pursuant to sections 328 and 1103 of the Bankruptcy Code to perform financial advisory services for the Committee in this chapter 11 case, nunc pro tunc to April 25, 2012.

6. The Committee is familiar with the professional standing and reputation of BDO. The Committee understands and recognizes that BDO has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

7. The services of BDO are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of the estate and to reorganize successfully.  Further, BDO is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

## IV. SCOPE OF SERVICES

8. BDO will provide such consulting and advisory services to the Committee and its legal advisor as they deem appropriate and feasible in order to advise the Committee in the course of this chapter 11 case, including but not limited to the following:

   a. Analyze the financial operations of the Debtors pre and post-petition, as necessary;

   b. Analyze the financial ramifications of any proposed transactions for which the Debtors seek Bankruptcy Court approval including, but not limited to, post-petition financing, sale of all or a portion of the Debtors' assets, retention of management and/or employee incentive and severance plans;

c. Conduct any requested financial analysis including verifying the material assets and liabilities of the Debtors, as necessary, and their values;

d. Assist the Committee in its review of monthly statements of operations submitted by the Debtors;

e. Perform claims analysis for the Committee;

f. Assist the Committee in its evaluation of cash flow and/or other projections, including business plans prepared by the Debtors;

g. Scrutinize cash disbursements on an on-going basis for the period subsequent to the commencement of these cases;

h. Perform forensic investigating services, as requested by the Committee and counsel, regarding pre-petition activities of the Debtors in order to identify potential causes of action and other issues that could generate additional recoveries, including investigating intercompany and related party transfers, improvements in position, and preferential and fraudulent transfers;

i. Analyze transactions with insiders, related and/or affiliated companies;

j. Analyze transactions with the Debtors' financing institutions;

k. Attend meetings of creditors and conference calls with representatives of the creditor groups and their counsel;

l. Prepare certain valuation analyses of the Debtors' businesses and assets using various professionally accepted methodologies;

m. As needed, prepare alternative business projections relating to the valuation of the Debtors' business enterprise;

    n.    Evaluate financing proposals and alternatives proposed by the Debtors for debtor-in-possession financing, exit financing and capital raising supporting any plan of reorganization;

    o.    Monitor the Debtors' sales process and their investment banker, assist the Committee in evaluating sales proposals and alternatives and attend any auctions of the Debtors' assets, if necessary;

    p.    Assist the Committee in its review of the financial aspects of a plan of reorganization or liquidation submitted by the Debtors and perform any related analyses, specifically including liquidation analyses and feasibility analyses and evaluate best exit strategy;

    q.    Assist counsel in preparing for any depositions and testimony, as well as prepare for and provide expert testimony at depositions and court hearings, as requested; and

    r.    Perform other necessary services as the Committee or the Committee's counsel may request from time to time with respect to the financial, business and economic issues that may arise.

### V. **BDO'S ELIGIBILITY FOR EMPLOYMENT**

9.    BDO has informed the Committee that, except as may be set forth in the Declaration of William K. Lenhart (the "Lenhart Declaration"), it does not represent any other entity having an adverse interest in connection with this case, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

10.    BDO will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, BDO will supplement its disclosure to the Court.

11. BDO has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with this case.

## VI. **TERMS OF RETENTION**

12. BDO is not owed any amounts with respect to pre-petition fees and expenses.

13. The Committee understands that BDO intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the United States Trustee.

14. Subject to Court approval and in accordance with the applicable provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure, applicable U.S. Trustee guidelines and the local rules of this District, BDO will seek payment for compensation for professional services rendered for the Committee based upon the time expended to render such services and at billing rates commensurate with the experience of the person performing such services and will be computed at the hourly billing rates customarily charged by BDO for such services. The hourly billing rates as of the date of this application are as follows:

| | |
|---|---|
| Partners/Managing Directors | $475 to $795 per hour |
| Directors/Sr. Managers/Sr. Vice Presidents | $375 to $525 per hour |
| Managers/Vice Presidents | $325 to $425 per hour |
| Seniors/Analysts | $200 to $350 per hour |
| Staff [1] | $150 to $225 per hour |

---

[1] BDO represents that this category does not include secretarial time or secretarial overtime and BDO will not include in its applications for allowance fees associated with secretarial work or secretarial overtime.

15. BDO will also seek reimbursement of actual and necessary expenses incurred by BDO. Actual and necessary expenses would include any reasonable legal fees incurred for BDO's defense of its retention application and fee applications submitted in this matter, subject to Court approval.

16. On a monthly basis, BDO will provide the hours expended at a summarized level that includes the total number of hours worked by professional and the total number of hours spent by task category. For each task category, BDO will provide an explanation of the type of work performed.

### VII. REQUEST FOR EXPEDITED APPROVAL

17. BDO began performing services for the Committee on April 25, 2012, the date on which the Committee met to select its professionals. To ensure the prompt presentation of this Application, the Committee requests that the Court consider this Application as soon as possible on the Court's docket and approve this Application effective as of April 25, 2012. Pursuant to N.D. Tex. L.B.R. 2014-1(b)(1), this application is considered filed contemporaneously with the commission of services. Further, to avoid prejudice to the Committee due to its need for immediate financial advisors, the Committee seeks immediate final approval of this Application. A separate motion for expedited consideration will be filed contemporaneously with this Application.

### VIII. NOTICE

18. Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) counsel to the Debtor; (ii) the Office of the United States Trustee for this District; (iii) counsel to the Debtor's prepetition lenders; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## IX. **NO PRIOR REQUEST**

19. No prior Application for the relief requested herein has been made to this or any other Court.

## X. **PRAYER**

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain BDO as financial advisors for the Committee for the purposes set forth above, *nunc pro tunc* to April 25, 2012 and grant such further relief as is just and proper.

Date: May 9, 2012

THE OFFICIAL UNSECURED CREDITORS'
COMMITTEE OF REDDY ICE CORPORATION
solely in its capacity as Chair of the Committee and not in its individual capacity

*/s/ Joan Wagstaff*
By
Joan Wagstaff
TSI&C, Inc.

[*Remainder of this page intentionally left blank; signature page will follow*]

Dated: May 9, 2012

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Robert J. Feinstein*
    Robert J. Feinstein
    Gabrielle A. Rohwer
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
[Proposed] Lead Counsel for Official Unsecured Creditors' Committee

COX SMITH MATTHEWS INCORPORATED

*/s/ George H. Tarpley*
    George H. Tarpley
    State Bar No. 19648000
1201 Elm Street, Suite 3300
Dallas, TX 75270
Telephone: (214) 698-7800
Facsimile: (214) 698-7899
[Proposed] Local Counsel for Official Unsecured Creditors' Committee

3982042.2