**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case Nos.: 12-32349 and 12-32350 |
| REDDY ICE HOLDINGS, INC. and | § | |
| REDDY ICE CORPORATION, | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

**STIPULATION AND ORDER MODIFYING CHAPTER 11 PLAN INJUNCTION**

**WHEREAS,** on April 12, 2012 (the "Petition Date"), the above captioned debtors and

debtors in possession (the "Debtors") each filed voluntary petitions for relief under chapter 11 of

title 11 of the United States Code (the "Bankruptcy Code") and have continued in the

management and operation of their businesses and properties as debtors in possession pursuant to

Bankruptcy Code sections 1107 and 1108 of the Bankruptcy Code; and

**WHEREAS,** on April 12, 2012, Debtors files their Joint Plan of Reorganization (as

amended and supplemented, (the "Plan"); and

**WHEREAS,** prior to the Petition Date, Earl Wylie ("Wylie") alleges that he was an

Accounts Payable Clerk for Debtor Reddy Ice Corporation ("Debtor") from on or about May 16,

2008 until June 14, 2011, when he was terminated.  On January 27, 2012, Wylie filed suit against Reddy Ice Corporation alleging age discrimination, disability discrimination, and violations under the Family Medical Leave Act, styled *Earl W. Wylie v. Reddy Ice Corporation*; Cause No. 3-11-CV-3161-P, in the United States District Court, Northern District of Texas, Dallas Division (the "Lawsuit"); and

WHEREAS, the Plan provides for an injunction (the "Injunction") against parties initiating or continuing legal proceedings against the Debtors post-confirmation; and

WHEREAS, the parties hereto desire to stipulate to modify the injunction provided in the Plan so as to permit Wylie to continue the lawsuit for the purpose of pursuing recovery of insurance proceeds from any applicable policy covering Wylie's claims;

NOW, THEREFORE, it is hereby stipulated and agreed by and between the Debtors and Wylie (collectively, the "Parties") hereto as follows:

1.  The Lawsuit is excepted from the Injunction, and the Lawsuit may proceed notwithstanding any injunctions in the Plan.

2.  Wylie shall first seek recovery on the claims asserted in the Lawsuit only from applicable insurance policies or proceeds from such policies.   Only in the event, and to the extent that, the claims asserted in the lawsuit are not covered by any insurance policies, such claims will be classified and administered as a claim under class 8A (as such class is defined in the Plan).

3.  The Parties are authorized to enter into any related or ancillary agreements necessary or required to effectuate this Stipulation without obtaining court approval of such related or ancillary agreements.

4.  This Stipulation shall be binding upon and inure to the benefit of the Parties and each

of their respective predecessors, estates, successors and assigns.

5.   This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall, when executed and delivered, constitute one and the same agreement.   This Stipulation may be executed by facsimile signature and in counterparts, which shall have the same effect and force as an original signature.

6.   This Stipulation is subject to the approval of this Court and upon such approval shall inure to the benefit of the Parties hereto and their respective successors and assigns.

7.   Nothing in this Stipulation shall be deemed effective unless this Court approves this Stipulation.   In the event this Court declines to approve this Stipulation, the Parties hereto shall return to their respective rights and obligations existing prior to the execution of this Stipulation. Nothing in this Stipulation shall be deemed an admission of the Parties.

### End of Order ###

Dated: May 17, 2012
      Dallas, Texas

**DLA PIPER LLP (US)**

By: /s/ Vincent P. Slusher
Vincent P. Slusher
State Bar No. 00785480
vincent.slusher@dlapiper.com
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 743-4572
Facsimile: (972) 813-6267

Gregg M. Galardi, NY Bar No. 4535506
gregg.galardi@dlapiper.com
Gabriella L. Zborovsky, NY Bar No. 4851614
gabriella.zborovsky@dlapiper.com
Sarah E. Castle, NY Bar No. 4932240
sarah.castle@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Proposed Attorneys for the Debtors and
Debtors in Possession*

/s/ Jason R. Kennedy
Jason R. Kennedy
State Bar No. 24027100
THOMAS, FELDMAN & WILSHUSEN, L.L.P.
9400 North Central Expressway, Suite 900
Dallas, Texas 75231
Telephone: (214) 369-3008
Facsimile:   (214) 369-8393
Email: jkennedy@tfandw.com

Christine Neill
State Bar No. 00796793
Jane Byrne
State Bar No. 03565820
Neill & Byrne, PLLC
2214 Main Street
Dallas, Texas 75201
Telephone: (214) 748-7777
Fax: (214) 748-7778
Email: cneill@neillbyrnelaw.com
        jleglerbyrne@neillbyrnelaw.com

*Attorneys For Earl Wylie*