Joseph F. Postnikoff
State Bar No. 16168320
Amanda B. Hernandez
State Bar No. 24069911
GOODRICH POSTNIKOFF &
ASSOCIATES, LLP
777 Main Street, Suite 1360
Fort Worth, Texas 76102
Telephone: 817.347.5261
Telecopy: 817.335.9411
jpostnikoff@gpalaw.com
ahernandez@gpalaw.com

LOCAL COUNSEL FOR MARTIN G. McNULTY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 12-32349-SGJ-11 |
| | § | |
| READDY ICE HOLDINGS, INC., AND | § | |
| READDY ICE CORPORATION, | § | In Proceedings Under Chapter 11 |
| | § | |
| Reorganized Debtors. | § | Jointly Administered |

**RESPONSE BY MARTIN G. MCNULTY
TO REORGANIZED DEBTORS' THIRTEENTH
OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE STACEY G.C. JERNIGAN, US BANKRUPTCY JUDGE:

COMES NOW, Martin G. McNulty, Creditor, through the undersigned counsel, and respectfully responds to the Debtor's Objections to McNulty's claims as follows:

1. Creditor Martin G. McNulty ("McNulty"), through undersigned counsel, respectfully responds to the Debtors' Objections to McNulty's claims.[1]

---

[1] The Debtors have agreed to extend the deadline to file this response to June 12, 2013. (*See* Ex. A.) McNulty has two claims against the Debtors in this case, one against Reddy Ice Holdings, Inc., the other against Reddy Ice Corporation. *See* Debtors' 13th Omnibus Objection, Annex 7, p. 2.

2. McNulty filed a proof of claim against Reddy Ice Holdings, Inc. and Reddy Ice Corporation ("Reddy Ice") with this Court on October 12, 2012 utilizing Official Form 10. (Ex. B.) McNulty's claims are contingent on pending litigation. McNulty's claims arise under the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) and (d), the Sherman Act, 15 U.S.C. § 1, and the Michigan Antitrust Reform Act, M.C.L.A. § 445.772.[2] McNulty served as a federal government informant in a price-fixing investigation of the packaged ice industry that led to several guilty pleas. As explained in McNulty's Amended Complaint in a lawsuit he filed against Reddy Ice in 2008 in the Eastern District of Michigan, attached to McNulty's Form 10, Reddy Ice conspired with other packaged ice companies, and retaliated against McNulty for assisting the FBI and DOJ by agreeing to boycott McNulty from employment in the industry unless he stopped assisting the investigation. Am. Compl. ¶¶ 32, 39, 41, 46, 49, Ex. B. Reddy Ice also tampered with McNulty as a witness by agreeing with co-conspirator Arctic Glacier that Arctic Glacier would offer McNulty a cash bonus and offer to re-hire him in exchange for McNulty ceasing his cooperation with federal authorities. *Id.* ¶¶ 41, 49. McNulty's claims total $13.61 million, and consist of $4.17 million in lost lifetime earnings and benefits, subject to mandatory statutory trebling, plus statutory attorneys' fees and expenses.

3. The Debtors object to McNulty's claims and seek to disallow and expunge them. McNulty opposes the Debtors' objections and their request to disallow and expunge his claim.

## I. LEGAL STANDARD

4. "Properly filing a proof of claim constitutes *prima facie* evidence of the claim's validity and amount." *Matter of O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998) (citing Fed. R. Bankr. P. 3001(f)). A proof of claim is properly filed if it meets the requirements of Federal

---

[2] The Sherman Act § 1 claim and the M.C.L.A. § 445.772 claims were dismissed.

Rule of Bankruptcy Rule ("Rule") 3001 and Official Form 10. *In re Armstrong*, 320 B.R. 97, 103 (Bankr. N.D. Tex. 2005).[3]

5. Generally, a claim is deemed allowed unless (1) a party in interest objects, 11 U.S.C. § 502(a), and (2) one of the nine enumerated exceptions listed in 11 U.S.C. § 502(b) is satisfied, *see In re Brunson*, 486 B.R. 759, 769, 772 (Bankr. N.D. Tex. 2013); *In re Davis*, No. 09-42865, 2011 WL 1302222, at *7 (E.D. Tex. Mar. 31, 2011). A party who objects to a claim must "present enough evidence to overcome the *prima facie* effect of the claim. *O'Connor*, 153 F.3d at 260 (citing *Brown v. Internal Revenue Serv.*, 82 F.3d 801, 805 (8th Cir. 1996)); *see also In re Hemingway Trans., Inc.*, 993 F.2d 915, 925 (1st Cir. 1993) (requiring "substantial evidence" to overcome a claim's *prima facie* validity). "This can be done [1] by the objecting party producing specific and detailed allegations that place the claim in dispute, [2] by the presentation of legal arguments based upon the contents of the claim and its supporting documents, or [3] by the presentation of pretrial pleadings, such as a motion for summary judgment, in which evidence is presented to bring the validity of the claim into question." *Armstrong*, 320 B.R. at 104 (citing *In re Rally Partners, L.P.*, 306 B.R. 165, 168-69 (Bankr. E.D. Tex. 2003)). Furthermore, the objecting party must meet the procedural requirements of Rule 3007. *See In re Ambassador Park Hotel, Ltd.*, 61 B.R. 792, 798, 801 (N.D. Tex. 1986) (reversing bankruptcy court dismissal of claim because of objector's failure to satisfy the notice requirements of Rule 3007); *In re EMS Fin. Servs., LLC*, No. 12-71324, 2013 WL 64755, *9

---

[3] "Bankruptcy Rule 3001 requires that a proof of claim: (1) be in writing; (2) make demand on the debtor's estate; (3) express the intent to hold the debtor liable for the debt; (4) be properly filed; and (5) be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim .... A 'properly filed' proof of claim, as proscribed by the Judicial Conference in Official Form 10, consists of '(1) a creditor's name and address, (2) basis for claim, (3) date debt incurred, (4) amount of claim, (5) classification of claim, and (6) supporting documents.'" *Armstrong*, 320 B.R. at 103-04 (citations omitted).

(Bankr. E.D.N.Y. Jan., 4, 2013) (declining to consider the substance of party's objections "because [the party] has failed to satisfy the bare minimal procedural requirements under Bankruptcy Rule 3007").

6. "If the objecting party meets these evidentiary [and procedural] requirements, then the burden ... shifts back to the claimant to sustain its ultimate burden of persuasion to establish the validity and amount of the claim by a preponderance of the evidence." *Rally Partners*, 306 B.R. at 169; *see O'Connor*, 153 F.3d at 260.

## II. ARGUMENT

7. The Debtors' Objections to McNulty's claims fail for three reasons. First, the Debtors' Objections fail to satisfy any of § 502(b)'s nine enumerated exceptions. Second, the Debtors' Objections fail to rebut the *prima facie* validity of McNulty's claims. Third, the Debtors' Objections fail to satisfy the minimal procedural requirements of Rule 3007. Accordingly, the Debtors' Objections should be denied and McNulty's claims should be allowed.

### A. The Debtors' Objections Fail to Satisfy Any of § 502(b)'s Enumerated Exceptions.

8. The Debtors have failed to assert that McNulty's claims fall within any of the enumerated grounds for disallowance under § 502(b) and, accordingly, McNulty's claims should be allowed. As the bankruptcy court explained in *Davis*, "Section 502(b) mandates that the court 'shall allow' the claim, except to the extent it falls within one of nine enumerated categories of prohibited claims." 2011 WL 1302222, at *8 (citation omitted); *see also Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 449 (2007) (explaining that "even where a party in interest objects," a claim should be allowed except to the extent that "the claim implicates any of the nine exceptions enumerated in § 502"). In *Davis*, the objecting party had argued that a claimant failed to satisfy the requirements of Rule 3001, but failed to allege any

grounds for disallowance enumerated in § 502(b). 2011 WL 1302222, at *7. The court found that "[i]f an objecting party asserts only that the claimant's proof of claim does not comply with Bankruptcy Rule 3001, without asserting a ground for disallowance provided under § 502(b), a cognizable claim must be allowed." *Id.* at *8 (citation omitted).

9. Here, the Debtors' sole basis for objecting to McNulty's claims is that they are "'contingent litigation claims,' i.e., claims that are contingent upon ensuing litigation and have therefore not yet been liquidated." Debtors' 13th Omnibus Objection, p. 8, ¶ 29. However, the Bankruptcy Code does not support this argument. The Code defines a "claim" as "a right to payment, whether or not such right is reduced to judgment, liquidated, *unliquidated*, fixed, *contingent*, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured...." 11 U.S.C. § 101(5)(A) (emphasis added). Furthermore, both § 502(b)(1) and § 502(c) explicitly allow for the possibility of contingent claims,[4] and contingency upon litigation is conspicuously absent from the laundry list of grounds supporting disallowance of a filed claim.

10. The Debtors' cite Rule 3007 in support of their contention that McNulty's claims should be disallowed. However, "it is well-established that the rules cannot 'abridge, enlarge, or modify any substantive right." *Brunson*, 486 B.R. at 772 (citing 28 U.S.C. § 2075). "Therefore, the Federal Rules of Bankruptcy Procedure many not contravene substantive rights contained in the Bankruptcy Code." *Id.* (citing *In re Padilla*, 379 B.R. 643 (Bankr. S.D. Tex. 2007)). Accordingly, Rule 3007 cannot support disallowance of McNulty's claim in contravention of his

---

[4] Under § 502(b)(1), a claim may be disallowed if "such claim is unenforceable against the debtor and the property of the debtor, under any agreement or applicable law for a reason *other than because such a claim is contingent or unmatured.*" (emphasis added). Likewise, § 502(c) allows for the estimation of a contingent claim's value where such a claim "would unduly delay the administration of the case."

substantive rights under § 502. Because McNulty's claims do not fall within any of § 502(b)'s limited exceptions, his claims should be allowed.

  **B. The Debtors' Objections Fail to Rebut the *Prima Facie* Validity of McNulty's Claims.**

  11. Even if the Debtors' had asserted a valid ground for disallowance under § 502(b), the Debtors' objections still fail to rebut the *prima facie* validity of McNulty's claims. McNulty's proof of claim satisfies all requirements of Rule 3001 and Official Form 10. *See Armstrong*, 320 B.R. at 103-04. McNulty's proof of claim was submitted utilizing Official Form 10 on October 12, 2012, prior to the November 12, 2012 Bar Date set by the Court, and supplied all necessary information. (*See* Ex. B.) Additionally, the proof of claim attached McNulty's Amended Complaint against both Debtors which contained ample factual support. *Id.* Finally, the Debtors do not suggest that McNulty's claims were improperly filed or otherwise insufficient to constitute *prima facie* evidence. Accordingly, McNulty has satisfied the requirements to establish "*prima facie* evidence of [his claims'] validity and amount." *O'Connor*, 153 F.3d at 260.

  12. The Debtors must "present enough evidence to overcome the *prima facie* effect of the claim." *Id.*; *see also Hemingway Trans.*, 993 F.2d at 925 (requiring "substantial evidence"). However, the Debtors have failed to present *any* evidence, let alone *sufficient* evidence, to satisfy any of the three methods of rebutting a *prima facie* claim articulated in *Armstrong*, 320 B.R. at 104. Specifically, the Debtors have not produced "specific and detailed allegations that place [McNulty's claims] in dispute." *Id.* Nor have they presented "legal arguments based upon the contents of [McNulty's claims]," or "pretrial pleadings ... [that] bring the validity of the claim into question." *Id.*

---

13. Given the Debtors' complete lack of evidentiary support, the Debtors have failed to rebut McNulty's *prima facie* claim and McNulty need not "sustain [his] ultimate burden of persuasion to establish the validity and amount of the claim by a preponderance of the evidence." *Rally Partners*, 306 B.R. at 169; *see In re Nazu*, Inc., 350 B.R. 304, 323 (Bankr. S.D. Tex. 2006) ("Because the Debtor has produced no evidence to rebut [the creditor's] Claim, [the creditor] need not produce additional evidence to prove her Claim beyond a preponderance of the evidence"). Accordingly, McNulty's claims should be allowed.

### C. The Debtors' Objections Fail to Satisfy the Procedural Requirements of Rule 3007.

14. Finally, the Debtors have improperly joined their objections to McNulty's claims with those of other claimants in their Omnibus Objection, contrary to the procedural requirements of Rule 3007. Rule 3007(c) states that "[u]nless otherwise ordered by the court or permitted by subdivision (d), objections to more than one claim *shall not* be joined in a single objection." Fed. R. Bankr. P. 3007(c) (emphasis added); *see Ambassador Park Hotel*, 61 B.R. at 798 (citing *Sierra Club v. Train*, 557 F.2d 485, 489 (5th Cir. 1977) ("The word 'shall' generally dictates a mandatory intent unless a convincing argument to the contrary is made"). Rule 3007(d) states that "more than one claim may be joined in an omnibus objection if all the claims were filed by the *same entity*," or if one of eight other *enumerated exceptions* exists. Fed. R. Bankr. P. 3007(d) (emphasis added).

15. The Debtors' Omnibus Objection contains objections to claims from sixty-five unique entities. *See* Debtors' 13th Omnibus Objection, Annex 1-7. Accordingly, Rule 3007(d)'s first exception does not apply. Nor do McNulty's claims fall within any of Rule 3007(d)'s eight enumerated exceptions. The Debtors make no argument to the contrary. Rather, the Debtors' Omnibus Objection simply states that McNulty's claims "should be disallowed and expunged in

their entirety pursuant to Bankruptcy Rule 3007." Debtors'13th Omnibus Objection, p. 9, ¶ 31. But Rule 3007 creates no substantive right to disallow contingent claims. *See Brunson*, 486 B.R. at 771 (citing Fed. R. Bankr. P. 1001) (explaining that the Bankruptcy Rules are rules "of *procedure*, not *substance*") (emphasis in original). Accordingly, the Debtors' Objections are inconsistent with the procedural requirements of Rule 3007 and should be denied.

### III.  CONCLUSION

16. For the foregoing reasons, the Debtors' Objections to McNulty's claims should be denied and McNulty's claims should be allowed.

**WHEREFORE,** for these reasons, Martin G. McNulty, Creditor, respectfully requests that the Court deny the Debtors' Thirteenth Omnibus Objection to Claims and grant to Martin G. McNulty such other relief that may be just and proper.

DATED this 12th day of June, 2013.

>
> Respectfully submitted,
>
> GOODRICH POSTNIKOFF & ASSOCIATES, LLP
> 777 Main Street, Suite 1360
> Fort Worth, Texas 76102
> Telephone: 817.347.5261
> Telecopy: 817.335.9411
>
> By: /s/ Joseph F. Postnikoff
>     Joseph F. Postnikoff
>     State Bar No. 16168320
>     jpostnikoff@gpalaw.com
>     Amanda B. Hernandez
>     State Bar No. 24069911
>     ahernandez@gpalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2013 a true and correct copy of the foregoing Response has been served via E-mail on the parties listed below and via ECF on the parties registered with the Court to receive ECF:

Nancy S. Resnick **nancy.s.resnick@usdoj.gov**
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242

Joshua A. Sussberg **joshua.susberg@kirkland.com**
Kirkland & Ellis, LLP
601 Lexington Avenue
New York, NY 10022
James H.M. Sprayregen, P.C. **james.sprayrgen@kirkland.com**
Anup Sathy, P.C. **anup.sathy@kirkland.com**

Jason S. Brookner **jbrookner@lrm.com**
Looper Reed & McGraw, P.C.
1601 Elm Street, Suite 4600
Dallas, Texas 75201

/s/ Joseph F. Postnikoff
Joseph F. Postnikoff
