| | |
|---|---|
| James H.M. Sprayregen, P.C. | Jason S. Brookner |
| Anup Sathy, P.C. | Texas State Bar No. 24033684 |
| Joshua A. Sussberg | **LOOPER REED & MCGRAW P.C.** |
| **KIRKLAND & ELLIS LLP** | 1601 Elm Street, Suite 4600 |
| 601 Lexington Avenue | Dallas, Texas 75201 |
| New York, New York 10022 | Telephone:   (214) 954-4135 |
| Telephone:   (212) 446-4800 | Facsimile:    (469) 320-6894 |
| Facsimile:    (212) 446-4900 | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| REDDY ICE HOLDINGS, INC., and | § | Case No. 12-32349-SGJ-11 |
| REDDY ICE CORPORATION, | § | |
| | § | Jointly Administered |
| Reorganized Debtors. | § | |

**REORGANIZED DEBTORS' APPLICATION FOR ENTRY OF A FINAL DECREE**

> **NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF COURT AT 1100 COMMERCE STREET DALLAS, TEXAS 75202 BEFORE THE CLOSE OF BUSINESS ON SEPTEMBER 26, 2013, WHICH IS NO LESS THAN 10 DAYS FROM THE DATE HEREOF.**
>
> **ANY RESPONSES SHALL BE IN WRITING AND FILED WITH THE CLERK, WITH A COPY SERVED UPON COUNSEL TO THE REORGANIZED DEBTORS.  IF A RESPONSE IS TIMELY FILED AND SERVED, A HEARING MAY BE HELD WITH NOTICE TO THE OBJECTING PARTY ONLY.**
>
> **IF NO TIMELY RESPONSE IS FILED AND SERVED, THE RELIEF REQUESTED HEREIN SHALL BE DEEMED UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT ANY FURTHER NOTICE.**

Reddy Ice Holdings, Inc. and Reddy Ice Corporation, the above-captioned reorganized debtors (together, the "***Reorganized Debtors***" and, before the Effective Date[1] of the Plan, the "***Debtors***"), file this application (the "***Application***") seeking entry of a final decree, substantially in the form attached hereto as **Exhibit A** (the "***Final Decree***"), closing their chapter 11 cases. In support of this Application, the Reorganized Debtors respectfully state as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 305 of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rule 3022-1 of the Local Rules of Bankruptcy Procedure for the Northern District of Texas, Dallas Division (the "***Local Rules***").

## Relief Requested

4. By this Application, and following the successful confirmation and consummation of the Plan, together with the full and complete resolution of a remaining issues and the reconciliation of all Claims, the Reorganized Debtors respectfully request that the Court enter the Final Decree, in the form attached hereto as **Exhibit A**.

---

[1] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan or the Confirmation Order, as applicable.

5. The Reorganized Debtors will timely pay all quarterly fees owed to the U.S. Trustee for periods through the quarter ending September 30, 2013. Upon such payment, the Reorganized Debtors believe that the Court's role in administering these chapter 11 cases is complete.

### The Debtors' Chapter 11 Cases

6. On April 12, 2012 (the "*Commencement Date*"), the Debtors filed voluntary petitions under chapter 11 the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "*Court*"). The Debtors simultaneously filed the *Joint Plan of Reorganization of Reddy Ice Holdings, Inc. and Reddy Ice Corporation* [Docket No. 25]. On May 22, 2012, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' First Amended Joint Plan of Reorganization of Reddy Ice Holdings, Inc. and Reddy Ice Corporation* [Docket No. 432] (the "*Confirmation Order*"), thereby confirming the *Conformed First Amended Joint Plan of Reorganization of Reddy Ice Holdings, Inc. and Reddy Ice Corporation* [Docket No. 429] (the "*Plan*"). The Plan went effective on May 31, 2012 (the "*Effective Date*").

7. In just 35 days the Debtors emerged from chapter 11 with a substantially de-levered balance sheet, achieved through the elimination of $230 million of debt, and a capital structure that provided the financial flexibility to invest in long-term growth. Thus, the Plan afforded the Debtors an opportunity to reduce debt and improve financial performance and operating flexibility through increased liquidity.

8. The Plan also incorporated important settlement agreements with all key stakeholders, including resolution of numerous price-fixing class action litigations that had mired the company for years.

### Claims Reconciliation Process

9. The Plan provided that holders Class 8A Reddy Corp. General Unsecured Claims and 8B Reddy Holdings General Unsecured Claims would receive, in full and final satisfaction of their Allowed Reddy Corp. General Unsecured Claims, their Pro Rata share of the Reddy Corp. General Unsecured Claim Settlement Payment, in an amount of $100,000, as applicable. The Debtors' reconciliation of Allowed Claims was to take place after Confirmation.

10. On August 17, 2012, the Court entered the *Order Pursuant to Sections 501, 502 and 1111(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c) Establishing Bar Date for Filing Certain Proofs of Claim for Class 8A Reddy Corp. General Unsecured Claims and 8B Reddy Holdings General Unsecured Claims and Approving the Form and Manner of Notice Thereof* [Docket No. 553] (the "***Bar Date Order***").

11. Over the past seven months the Reorganized Debtors have engaged in an extensive Claims resolution process which has resulted in the successful resolution of nearly 14,000 Claims. In particular, the Reorganized Debtors have negotiated settlements and entered into several stipulations (the "***Stipulations***") resolving unliquidated, litigation-based Claims (the "***Litigation Claims***") which had burdened the Debtors for years. Pursuant to the Plan and the Stipulations, each Allowed Reddy Corp. General Unsecured Claim will receive its pro rata distribution of the $100,000 Reddy Corp. General Unsecured Settlement Payment. As a result of the Debtors' Claims reconciliation efforts, holders of Allowed Reddy Corp. General Unsecured

Claims will receive a recovery of approximately 18 percent on account of their Allowed General Unsecured Claims.

## Basis for Relief

12.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

13.     The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Notes of the Advisory Committee on the 1991 amendments in respect of Bankruptcy Rule 3022 (the "***Advisory Notes***") comment that "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed." The Advisory Notes set forth certain factors that should be considered when evaluating whether a case has been fully administered. These factors are:

   i.    whether the order confirming the plan has become final;

   ii.   whether deposits required by the plan have been transferred;

   iii.  whether the property proposed by the plan to be transferred has been transferred;

   iv.   whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan;

   v.    whether payments under the plan have commenced; and

      vi.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

*See, e.g.*, *In re Clayton*, 101 F.3d 697 (5th Cir. 1996) (noting that "Although rule 3022 does not define "fully administered," the Advisory Committee Notes provide some guidance, listing various factors a court should consider in determining whether an estate has been fully administered"); *In re Cam-Plek of Virginia IQ Converting Div., Inc.*, Case No. 96-21367 (Memorandum Decision) (Bankr. E.D. Tenn. Aug. 20, 1999) (noting that three of the factors delineated in the Advisory Notes correspond to the elements necessary for substantial consummation of a plan of reorganization under the Bankruptcy Code).

14.    Here, as discussed above, the Reorganized Debtors have consummated the Plan. All distributions required by the Plan have been made and the Court's role in administering these chapter 11 cases is complete. The Reorganized Debtors' chapter 11 cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter the Final Decree. In addition, entering the Final Decree will relieve the Reorganized Debtors of their obligation to pay quarterly United States Trustee Fees, an unnecessary expense for these fully administered chapter 11 cases.

## Notice

15.    The Reorganized Debtors have provided notice of this Application to each party who has filed a notice of appearance and request for service of pleadings in these chapter 11 cases. In light of the nature of the relief requested herein, the Reorganized Debtors respectfully submits that no other or further notice need be provided.

**No Prior Request**

16. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter the Final Decree, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Respectfully submitted this 16th day of September, 2013.

        **LOOPER REED & MCGRAW P.C.**

        By: */s/ Jason S. Brookner*
            Jason S. Brookner
        Texas State Bar No. 24033684
        1601 Elm Street, Suite 4600
        Dallas, Texas 75201
        Telephone: (214) 954-4135
        Facsimile: (469) 320-6894
        Email: jbrookner@lrmlaw.com

        -and-

        **KIRKLAND & ELLIS LLP**
        James H.M Sprayregen, P.C.
        Anup Sathy, P.C.
        Joshua A. Sussberg
        601 Lexington Avenue
        New York, New York 10022
        Telephone: (212) 446-4800
        Facsimile: (212) 446-4900
        Email: jsussberg@kirkland.com

        **COUNSEL TO THE REORGANIZED DEBTORS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 16th day of September, 2013, he caused a true and correct copy of the foregoing pleading to be served on the parties appearing on the Service List maintained in these chapter 11 cases, as well as via the Court's CM-ECF Notification System.

*/s/ Jason S. Brookner*
Jason S. Brookner

## Exhibit A

**Proposed Final Decree**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| REDDY ICE HOLDINGS, INC., and | § | Case No. 12-32349-SGJ-11 |
| REDDY ICE CORPORATION, | § | |
| | § | Jointly Administered |
| Reorganized Debtors. | § | |

**ORDER GRANTING FINAL DECREE AND CLOSING CHAPTER 11 CASES**

Upon the application (the "*Application*") of Reddy Ice Holdings, Inc. and Reddy Ice Corporation, (the "*Reorganized Debtors*"), seeking entry of final decree (this "*Final Decree*") closing the Reorganized Debtors' chapter 11 cases, as more fully set forth in the Application;[2] and the Court having found it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Reorganized Debtors having provided adequate and appropriate notice of the Application under the circumstances; and the Court having found the relief requested in the Application is in the best interests of the Reorganized Debtors' estate, its creditors, and other parties in interest; and the Court having reviewed the Application and having heard the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

statements in support of the Application at a hearing held before the Court (the "*Hearing*"); and the Court having determined the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1. Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Reorganized Debtors' chapter 11 cases are hereby closed by this Final Decree.

2. The Reorganized Debtors shall timely pay all quarterly fees owed to the U.S. Trustee for periods through the quarter ending September 30, 2013.

3. Entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors or any other party in interest to seek to reopen these cases for good cause shown pursuant to section 350(b) of the Bankruptcy Code.

4. The Court shall retain jurisdiction over the Reorganized Debtors' chapter 11 cases to the extent permitted under Article XII of the Plan.

5. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Application.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014 or otherwise, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Final Decree.

# # # END OF ORDER # # #